## ERSKINE v. UNITED STATES.
### No. 7977.

Circuit Court of Appeals, Ninth Circuit.
Sept. 21, 1936.

On petition for rehearing.

For former opinion, see 84 F.(2d) 690.

Keyes & Erskine, Herbert W. Erskine, and Morse Erskine, all of San Francisco, Cal., for appellant.

H. H. McPike, U. S. Atty., and Robert L. McWilliams and S. P. Murman, Asst. U. S. Attys., all of San Francisco, Cal.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

DENMAN, Circuit Judge.

The petition seems written under the erroneous impression that the opinion holds the appellant is not liable for the tax, even if he was the owner of the imported goods. It urges rehearing on the ground that there is sufficient evidence in the record to support a finding that appellant, Erskine, owned the goods at the time of the importation, and hence the judgment against him must be sustained.

The appellee's complaint alleged both the corporation and the appellant became indebted for the duty. So far as the appellee's claims rested on ownership, all the evidence offered, other than documentary, shows that its claim that the corporation was the one of the two defendants liable for the duty is sustained, and that the appellant was not liable.

The appellee claims that the document signed by appellant, Erskine, but on which he had not indicated his capacity in any of the squares, binds him as owner. The determination of the legal effect of this document is a matter of law for this court. Stuart v. Easton, 170 U.S. 383, 391, 18 S. Ct. 650, 42 L.Ed. 1078.

We construe the document, as executed, to be ambiguous and not in itself determining ownership. Hence we hold, in accord with the uncontradicted · other evidence, that the record does not support the finding of ownership in, or liability on that ground against, appellant.

Petition denied.